IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA TRAVER<br>2225 Cherry Hill Road<br>Clarks Summit, PA 18411<br><br>vs.<br><br>PANERA BREAD COMPANY<br>Suite 100<br>3630 South Geyer Road<br>St. Louis, MO 63127<br>    and<br>PANERA, LLC<br>Suite 100<br>3630 South Geyer Road<br>St. Louis, MO 63127<br>    and<br>PANERA BREAD FRANCHISEE JOHN DOE<br>3570 Wilkes Barre Township Commons<br>Wilkes-Barre, PA 18702 | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff, Jessica Traver (hereinafter the "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues Panera Bread Company, a Delaware Corporation, and Panera, LLC, a Delaware Corporation, and Panera Bread Franchisee John Doe, a Pennsylvania Corporation (hereinafter collectively "Defendants"), for injunctive relief, attorney's fees, litigation expenses and costs pursuant to 42 U.S.C. §§

12181 et seq. and 42 U.S.C. §§ 12131 et seq. respectively, ("Americans With Disabilities Act" or "ADA"), and in support thereof alleges the following.

## Jurisdiction and Venue

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181 et seq. (hereinafter referred to as the "ADA"). The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 28 U.S.C. § 1343 for Plaintiff's claims arising under the Americans With Disabilities Act, 42 U.S.C. § 1201, et seq. and 42 U.S.C. § 12132, et seq..

2. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to Plaintiff's claims have occurred in the Middle District of Pennsylvania.

## Parties

3. At all times relevant hereto, Plaintiff, Jessica Traver, resides at 2225 Cherry Hill Road,

2

Clarks Summit, Pennsylvania 18411. At times relevant hereto, Plaintiff suffered from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990. More specifically, at all times relevant hereto, she was an individual diagnosed with post traumatic stress disorder, anxiety disorder, and depressive disorder.

4. Defendants, Panera Bread Company, Panera, LLC, and Panera Bread Company Franchisee John Doe, at all times relevant hereto, were conducting and were authorized to conduct business within the Commonwealth of Pennsylvania and more specifically within the Middle District of Pennsylvania. All Defendants operated a Panera Bread store which was located at 3570 Wilkes Barre Township Commons, Wilkes-Barre, Pennsylvania 18702. All Defendants maintained and controlled the above mentioned Panera Bread store and all Defendants were responsible for the control and supervision and training of all employees of the Panera Bread store located at 3570 Wilkes Barre Township Commons, Wilkes-Barre, Pennsylvania 18702.

## Factual Allegations

5. At all times relevant hereto, Plaintiff suffered from a "qualified disability" as that term is defined under the Americans With Disabilities Act of 1990. More specifically, Plaintiff has been diagnosed with post traumatic stress disorder, anxiety disorder and depressive disorder. She has been under the care of a psychiatrist for these conditions since August 26, 2014.

6. In September 2014 her treating psychiatrist recommended that Plaintiff utilize a Service Dog with said Service Dog to be trained to complete the following tasks:

(a) While Plaintiff is in public places the Service Dog will act as a physical barrier between Plaintiff and an approaching person.

(b) The Service Dog is trained to monitor Plaintiff's heart rate and breathing to identify a panic attack and provides intervention by repeatedly nudging hands until prescribed medication has been taken.

(c) When Plaintiff is experiencing a flashback the Service Dog is trained to recognize this and will intervene by placing paws on the Plaintiff to remind her that it is present day/time.

(d) Due to Plaintiff's diagnosis, hyper-vigilance is experienced and memory of where her car is parked are sometimes not clear. The Service Dog is trained to guide Plaintiff back to her car.

(e) When Plaintiff returns home, the Service Dog is trained to illuminate house and perform a search of residence.

(f) The perimeter search the Service Dog performs, includes, a systematic search of the building and rooms within providing barking if someone is found. Once the search is completed and no intruder is detected the dog is to silently return to the Plaintiff to confirm it is safe to enter.

(g) When Plaintiff is experiencing a nightmare, the Service Dog is trained to wake the Plaintiff by gently licking her hands.

7. At her treating psychiatrist's recommendation

5

Plaintiff obtained a trained Service Dog specifically trained to perform the tasks mentioned in the preceding paragraph.

8. On or about November 20, 2015 Plaintiff attempted to enter a Panera Bread restaurant located at 3570 Wilkes Barre Township Commons in Wilkes-Barre, Pennsylvania.

9. Plaintiff was accompanied by her Service Dog, "Zoe." Although not required by the Americans With Disabilities Act, Plaintiff's Service Dog, Zoe, was wearing a red vest clearly marked Service Dog.

10. However, shortly after Plaintiff entered the above mentioned Panera Bread restaurant, she was confronted by an employee of Defendants, acting in the scope of his/her authority. The above mentioned employee of the Defendants, upon confronting the Plaintiff, advised the Plaintiff that she was not allowed entrance into the Panera Bread restaurant while accompanied by her Service Dog. Plaintiff explained to the employee that the dog was in fact a trained Service Dog and that due to her disability she should not be

refused entrance to the Panera Bread restaurant. Despite Plaintiff's explanation she was denied entry and the employee demanded that she immediately leave.

11. The Americans With Disabilities Act applies to the above mentioned Panera Bread restaurant and to all of the Defendants because they are public entities as defined by Title II of the ADA, 42 U.S.C. § 12131(1), 28 C.F.R. § 35.104. The dog which accompanied Plaintiff at the time of the above referred incident was a service animal as defined by the Americans With Disabilities Act 28 C.F.R. § 36.104.

### COUNT I. VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT BY THE DEFENDANTS

12. Title III of the American With Disabilities Act of 1990 (ADA") guarantees that qualified individuals with disabilities shall have full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S.C. § 12182.

13. On or about July 26, 1990 Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§

12101 et seq. Commercial enterprises were provided one and one half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508(a).

14. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the Defendants is a place of public accommodation in that the Defendants operate a restaurant which provides goods and services to the public. Upon information and belief, the Defendants have operated this place of public accommodation since the effective date of the ADA more than twenty-three years ago.

15. The Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations at the Defendants' restaurant in derogation of 42 U.S.C. §§ 12101 et seq. and as prohibited by 42 U.S.C. §§ 12182 et seq., and by

failing to make reasonable modifications in policies, practices and/or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations being offered to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, such as Plaintiff's Service Dog, pursuant to 42 U.S.C. § 12182(b)(2)(a)(ii)(iii), where such modifications in policies, practices and/or procedures are readily achievable and would not result in an undue burden to the Defendants or to Defendants' agents, servants, workmen and/or employees.

16. The Plaintiff, and others who are similarly situated, have been unable to, and continue to be unable to, enjoy full and equal safe access to, and the benefits of, all of the accommodations, goods and services offered at the Defendants' restaurant. Prior to the filing of this lawsuit, the Plaintiff visited the Defendants' restaurant and was denied full and

safe access to all of the benefits, accommodations and services of the Defendants' restaurant. Prior to the filing of this lawsuit, Plaintiff personally visited the Defendants' restaurant with the intention of eating at the Defendants' restaurant but was denied full and safe access to the facilities, goods and services within the Defendants' restaurant and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to visit the Defendants' restaurant in the future, but continues to be injured in that she is unable to and continues to be discriminated against due to Defendants' policies, practices and/or procedures which remain at the Defendants' restaurant in violation of the ADA.

17. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991 the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans With Disabilities Act Guidelines (hereinafer "ADAAG), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to

$55,000 for the first violation and $110,000 for any subsequent violation.

## Attorney's Fees and Costs

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to the ADA.

## Injunctive Relief for Title III Violations of ADA

19. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the Defendants' policies, practices and/or procedures by allowing persons to have access to the Defendants' restaurants with Service Dogs for persons with disabilities.

WHEREFORE, Plaintiff, Jessica Traver, requests the following relief:

    a. Compensatory damages;

    b. Punitive damages;

    c. Such other and further relief as appears

reasonable and just; and

d. A jury trial as to each Defendant and as to each count.

**The O'Hanlon Law Firm, P.C.**

By: _____
STEPHEN T. O'HANLON, ESQUIRE
Attorney ID No.: 208428
THE O'HANLON LAW FIRM, P.C.
2 Penn Center, Suite 1850
1500 J.F.K. Boulevard
Philadelphia, PA 19102
(267) 546-9066 - phone
(215) 567-1998 - fax
E-Mail: STEVE@OHANLONLAWFIRM.COM

Counsel for Plaintiff